THE NEW YORK, LAKE ERIE AND WESTERN RAIL-
ROAD COMPANY, RESPONDENT, v. GEORGE W. CARHART
AND OTHERS, APPELLANTS.

*Order for the examination of a corporate party before trial — a defaulting defend-
ant may be examined — Code of Civil Procedure, sec. 873.*

Where in an action brought against several defendants, one of which is a national
bank, the latter, after appearing by an attorney, fails to serve any answer, this
fact does not prevent the plaintiff from procuring an order for the examination
of the said bank, or its officers, as provided in section 873 of the Code of Civil
Procedure.

*Sharp* v. *Hutchinson* (16 J. & S., 101) not followed.

APPEAL from an order of the Special Term denying a motion to
vacate an order for the examination of a party to an action.

*C. B. Smith*, for the appellants.

*Macfarland, Reynolds & Harrison*, for the respondent.

DAVIS, P. J.:

It appears by the papers before us that on the 2d of January,
1885, an order was made by a judge of this court directing that
William A. Sherman, cashier of the Produce Exchange Bank, one
of the defendant's herein, be examined and his deposition taken
pursuant to section 873 of the Code of Civil Procedure, and for
that purpose that he appear on the 8th of January, 1885, and sub-
mit to an examination, etc. This order was directed to be served
on Sherman on or before the 3d of January, 1885. Afterwards,
and on the eighth of January, an order was obtained from another
justice of the court requiring the plaintiff to show cause at a Special
Term, to be held on the ninth of January, why this order for
examination should not be vacated on the ground that no copy of such
order or of the affidavits on which the same was founded was served
on the defendants George W. Carhart and the Produce Exchange
Bank, and that the Produce Exchange Bank, of which Sherman
was cashier, had made default in answering the complaint. The affi-
davit on which this last order was obtained was made by the attor-
ney for the appellants and showed that he appeared as attorney on

the eighteenth of December for the defendants in the action, and that the affidavit on which the order for the examination was founded recited the fact of such appearance, and that no copy of the order or affidavit had been served on the attorney for the said defendants, and that he believed it was the object of the plaintiff to obtain the deposition of Sherman without the knowledge of deponent to the prejudice of the defendants. The motion upon the order to show cause was heard at Special Term and denied, with ten dollars costs. The judge holding the term indorsed upon the papers the following memorandum :

"Assuming that *Sharp* v. *Hutchinson* was correctly decided, which seems to me to admit of some doubt, it does not apply to this case. The bank is a mere stakeholder, and has the same interest in the litigation, namely, to see that the right person gets the money. The objection that the papers were not served has been removed."

Section 875 of the Code requires that a copy of the order and of the affidavit upon which it was granted must be served upon the attorney for each party to the action in like manner as a paper in the action, or if the party has not appeared in the action they must be served upon him as directed by the order. At the time the affidavit was made, to wit, on the 7th day of January, 1885, no copy of the order had been served upon the attorney of the appellants, who had appeared in the action, but it would seem from the remark of the learned judge at Special Term that such service was made subsequently and before the hearing of the motion. So far as we can discern from the papers before us, the learned judge disposed of the motion correctly upon the merits. Although the Produce Exchange Bank had made default in answering the complaint in the action, we think an examination of it, or its officers, could still be properly had under section 873. If *Sharp* v. *Hutchinson* (16 J. & S., 101) holds to the contrary, we are of opinion that the question was not rightly decided, and for that reason are not inclined to follow that decision. But the motion was regularly made on the ground that no copy of the order had been served upon the attorney for the appellants. If that objection were removed at all, which does not appear in the papers before us, it must have been done subsequently to the order to show cause; and while that fact

would be sufficient to call for the denial of the motion, it certainly should have relieved the moving parties from liability for costs of a motion in which they were otherwise entitled to succeed. The costs of the motion were, therefore, improperly imposed on the defendants.

The order should therefore be reversed so far as relates to the costs imposed, and; under the circumstances, we think that should be done, with ten dollars costs and disbursements

DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order reversed so far as relates to the costs imposed, with ten dollars costs and disbursements.